# Exhibit 2



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

December 3, 2012

Richard M. Strassberg, Esq.
Goodwin Procter LLP
620 Eighth Avenue
New York, NY 10018

John Moustakas, Esq.
Goodwin Procter LLP
901 New York Avenue, NW
Washington, DC 20001

    Re:    *United States* v. *Wegelin & Co.*, S1 12 Cr. 2 (JSR)

Dear Counsel:

    This prosecution and the protection against prosecution, with respect to tax offenses, set forth below have been approved by the Tax Division, Department of Justice.

    On the understandings specified below, the Office of the United States Attorney for the Southern District of New York ("this Office") will accept a guilty plea from Wegelin & Co. ("Wegelin" or the "defendant") to Count One of the above-referenced superseding indictment (the "Superseding Indictment"). Count One charges the defendant with conspiracy to defraud the Internal Revenue Service, file false federal income tax returns, and evade federal income taxes, in violation of Title 18, United States Code, Section 371 and carries a maximum fine, pursuant to Title 18, United States Code, Section 3571, of the greatest of $500,000, twice the gross pecuniary gain derived from the offense, or twice the gross pecuniary loss to persons other than the defendant resulting from the offense; and a mandatory $100 special assessment.

    Wegelin agrees to make restitution to the United States in the amount of $20,000,001 (the "Restitution Amount"). Wegelin admits that the Restitution Amount represents the gross pecuniary loss to the United States as a result of the conduct charged in the Superseding Indictment and admitted by Wegelin in the Allocution attached hereto as Exhibit A (the "Allocution"). The parties agree that, pursuant to Title 18, United States Code, Section 3664(h), the Court should apportion liability for the Restitution Amount solely to Wegelin. The defendant agrees to pay the Restitution Amount within three days of the entry of the judgment in this case to IRS–RACS, Attn: Mail Stop 6261/ Restitution, 333 W. Pershing Ave., Kansas City, MO

03.30.2012

Richard M. Strassberg, Esq.
John Moustakas, Esq.
December 3, 2012

64108. Wegelin further agrees that, if probation is imposed by the Court, the obligation to pay the Restitution Amount shall be made a condition of probation pursuant to Title 18, United States Code, Section 3563(b)(2).

Wegelin agrees, pursuant to Title 18, United States Code, Section 981, that it will forfeit $15,821,000 (the "Forfeiture Amount") to the United States, representing the gross fees paid to Wegelin from approximately 2002 through 2010 by U.S. taxpayers with undeclared accounts at Wegelin. Payment of the Forfeiture Amount shall be by check or wire transfer to a seized assets deposit account maintained by the United States Department of Treasury within three days of the entry of the plea in this case. Wegelin agrees that the facts contained in this Agreement, the Allocution, and the Stipulated Preliminary Order of Forfeiture to be entered relating to the Forfeiture Amount (attached hereto as Exhibit B) are sufficient to establish that the Forfeiture Amount is subject to civil forfeiture to the Government. By this Agreement, and pursuant to the Stipulated Preliminary Order of Forfeiture, Wegelin agrees to the entry of a Final Order of Forfeiture relating to the Forfeiture Amount in this action. Upon transfer of the Forfeiture Amount, Wegelin shall release any and all claims it may have to such funds and execute such documents as are necessary to accomplish the forfeiture of the Forfeiture Amount.

Wegelin further agrees that the Restitution Amount, the Forfeiture Amount, and any fine ordered by the Court at sentencing shall be paid separately to the Government, with no credit, including by restoration or other means, received for (1) payments made to the Government by U.S. taxpayers through the Offshore Voluntary Disclosure Initiative and similar programs ("OVDI") before or after the date of this Agreement; or (2) the sum of $16,260,693.42 (the "Seized Amount") that was previously forfeited to the United States pursuant to a final order of forfeiture entered on or about April 24, 2012 in *United States* v. *All Funds on Deposit at UBS AG, Account no. 101-WA-358967-000, Held in the Name of Wegelin & Co.*, 12 Civ. 836 (LTS), which represents funds held in the defendant's correspondent bank account and seized by the United States pursuant to an arrest warrant *in rem* on or about February 2, 2012. Wegelin agrees that it shall not file any petitions for remission, restoration, or any other assertion of ownership or request for return relating to the Seized Amount or the Forfeiture Amount, or any other action or motion seeking to collaterally attack the seizure, restraint, forfeiture, or conveyance of the Seized Amount or the Forfeiture Amount, nor shall it assist any others in filing any such claims, petitions, actions, or motions.

In consideration of Wegelin's plea to the above offense, the defendant will not be further prosecuted criminally by this Office and, with respect to tax offenses, the Tax Division, Department of Justice, for any crimes relating to its conspiracy to defraud the Internal Revenue Service, to file false federal income tax returns, and to evade federal income taxes from 2002 to 2011, as charged in the Superseding Indictment. This Agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent

Richard M. Strassberg, Esq.
John Moustakas, Esq.
December 3, 2012

prosecution including, but not limited to, a prosecution pursuant to Title 18, United States Code, Sections 1961 *et seq.* This Office's prosecution of Wegelin for the conduct charged in the Superseding Indictment will be concluded following Wegelin's conviction, completion of its sentence, and satisfaction of the monetary requirements of this Agreement, consistent with the other provisions of this Agreement. This Agreement does not provide any protection against prosecution except as set forth above, and applies only to Wegelin and not to any individuals. The defendant agrees that with respect to any and all dismissed charges it is not a "prevailing party" within the meaning of the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), and will not file any claim under that law.

    Wegelin agrees that, at the time of its guilty plea, it will admit the facts set forth in the Allocution (Exhibit A to this Agreement). Wegelin hereby acknowledges and accepts as true the facts set forth in the Allocution.

    Wegelin agrees that, by entering a guilty plea in this case, it will be deemed to have waived any objections to service of the summons and the Superseding Indictment in this case. Wegelin further agrees not to contest service of process with respect to any aspect of this case that follows the entry of its guilty plea. Wegelin further agrees that any service made by U.S. mail and/or electronic mail to Goodwin Procter LLP shall constitute service upon Wegelin.

    Wegelin agrees to preserve all documents, including electronically stored documents, concerning any U.S. taxpayer and any account opened, directly or indirectly, on behalf of a U.S. taxpayer or on behalf of a corporation, foundation, trust, or other entity or structure with a U.S. beneficial owner, including, but not limited to: (a) all account-opening documents; (b) all documents concerning the beneficial owner of any account; (c) all documents reflecting any transactions in any account; (d) all documents reflecting any correspondence or communications concerning the account or transactions in the accounts; and (e) all internal correspondence concerning the accounts, pending further instruction by Wegelin's primary regulator or other authority. Within three days of the execution of this Agreement, Wegelin shall detail to the Government the manner in which such documents have been preserved.

    In consideration of the foregoing and pursuant to United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") Section 6B1.4, the parties hereby stipulate to the following:

    A.    **Offense Level**

        1.    The Guidelines provisions in effect as of November 1, 2012 apply in this case.

Richard M. Strassberg, Esq.
John Moustakas, Esq.
December 3, 2012

2. Pursuant to U.S.S.G. § 8C2.3(a), the Guidelines provisions applicable to the offense charged in Count One of the Superseding Indictment are U.S.S.G. §§ 2T1.1(a)(1) and 2T4.1(L). Because the tax loss was greater than $20,000,000 and less than $50,000,000, the base offense level is 28. U.S.S.G. §§ 2T1.1(a)(1) and 2T4.1(L).

3. The base offense level is increased by 2 levels because the offense involved sophisticated means. U.S.S.G. §§ 2T1.1(b)(2).

4. In accordance with the above, the applicable Guidelines Offense Level is 30.

B. **Culpability Score and Fine Multiplier**

1. Wegelin's initial Culpability Score is 5, pursuant to U.S.S.G. § 8C2.5(a).

2. Wegelin's Culpability Score is increased by 3 points because it had at least 200, but fewer than 1,000, employees at the relevant time and because individuals within high-level personnel of the organization participated in, condoned, or were willfully ignorant of the offense. U.S.S.G. § 8C2.5(b)(3)(A).

3. Assuming Wegelin clearly demonstrates its acceptance of responsibility, to the satisfaction of the Government, through its allocution and subsequent conduct prior to the imposition of sentence, its Culpability Score should be reduced by 1 point. U.S.S.G. § 8C2.5(g)(3).

4. In accordance with the above, Wegelin's Culpability Score is 7. Pursuant to U.S.S.G. § 8C2.6, Wegelin's fine multiplier is 1.4 to 2.8.

C. **Base Fine**

1. Based on Wegelin's Offense Level of 30, Wegelin's base fine is $10,500,000 because this figure is greater than: (a) the pecuniary gain, *i.e.*, the before-tax profit (not the gross revenues) to the defendant resulting from the relevant conduct of the offense, *see* U.S.S.G. § 8A1.2 (comment. (n.3(H)); and (b) the pecuniary loss from the offense caused by Wegelin, to the extent the loss was caused intentionally, knowingly, or recklessly (not the loss that was merely reasonably foreseeable), *see* U.S.S.G. §§ 8C2.4(a), 8C2.4(d).

Richard M. Strassberg, Esq.
John Moustakas, Esq.
December 3, 2012

### D. Sentencing Range

Based on Wegelin's fine multiplier of 1.4 to 2.8, and pursuant to U.S.S.G. § 8C2.7, the Guideline Fine Range is $14,700,000 to $29,400,000 (the "Stipulated Guidelines Fine Range"). The parties hereby agree that the appropriate fine in this case is $22,050,000 (the "Stipulated Fine Amount") under the factors set forth in U.S.S.G. § 8C2.8, 18 U.S.C. § 3553(a), and 18 U.S.C. § 3572(a). The Stipulated Fine Amount represents the midpoint of the Stipulated Guidelines Fine Range. Wegelin agrees to pay any fine imposed by the Court within three days of the entry of the judgment in this case.

The parties agree not to seek a fine other than the Stipulated Fine Amount, not to suggest that the Probation Office consider a fine other than the Stipulated Fine Amount, and not to suggest that the Court *sua sponte* consider a fine other than the Stipulated Fine Amount.

Nothing in this Agreement limits the right of the parties to present to the Probation Office or the Court any facts relevant to sentencing. Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G. § 8C2.5(g)(3), regardless of any stipulation set forth above, if the defendant fails clearly to demonstrate acceptance of responsibility, to the satisfaction of the Government, through its allocution and subsequent conduct prior to the imposition of sentence. Similarly, nothing in this Agreement limits the right of the Government to seek an enhancement for obstruction of justice, *see* U.S.S.G. § 8C2.5(e), regardless of any stipulation set forth above, should it be determined that the defendant has either (i) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice; or (ii) committed another crime after signing this Agreement.

It is understood that pursuant to U.S.S.G. § 6B1.4(d), neither the Probation Office nor the Court is bound by the Stipulated Fine Amount or the above Guidelines stipulation, either as to questions of fact or as to the determination of the proper Guidelines to apply to the facts. In the event that the Probation Office or the Court contemplates any Guidelines adjustments, departures, or calculations different from those stipulated to above, or contemplates any sentence (including any fine) different from the Stipulated Fine Amount, the parties reserve the right to answer any inquiries and to make all appropriate arguments concerning the same.

It is understood that the sentence to be imposed upon the defendant is determined solely by the Court. It is further understood that the Guidelines, the Stipulated Guidelines Fine Range, the Stipulated Fine Amount, the Forfeiture Amount, and the Restitution Amount are not binding on the Court. The defendant acknowledges that its entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, including the maximum fine, pursuant to the Allocution, of $40,000,002 (the

Richard M. Strassberg, Esq.
John Moustakas, Esq.
December 3, 2012

"Maximum Fine Amount"), in addition to any restitution and forfeiture ordered by the Court. The parties agree that, at sentencing, both parties shall request that the Court apply the Forfeiture Amount and the Stipulated Fine Amount (but not the Restitution Amount or the Seized Amount) toward the Maximum Fine Amount. The parties further agree that, at sentencing, both parties shall request that the Court not credit the Forfeiture Amount against the Stipulated Fine Amount, Restitution Amount, or the Seized Amount. This Office cannot, and does not, make any promise or representation as to what sentence the defendant will receive. Moreover, it is understood that the defendant will have no right to withdraw its plea of guilty should the sentence imposed by the Court include a fine outside the Stipulated Guidelines Fine Range set forth above.

It is agreed (i) that the defendant will not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 and/or Section 2241; nor seek a sentence modification pursuant to Title 18, United States Code, Section 3582(c), of any fine less than or equal to $40,000,002; and (ii) that the Government will not appeal any fine that is greater than or equal to $14,700,000. This provision is binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein and even if the Court does not apply the Forfeiture Amount toward the Maximum Fine Amount. Furthermore, it is agreed that any appeal as to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) the above stipulation.

The defendant agrees not to appeal any restitution award that is less than or equal to $20,000,001, and also agrees not to appeal any forfeiture amount that is less than or equal to $15,821,000. The Government agrees not to appeal any restitution award that is greater than or equal to $20,00,001, and also agrees not to appeal any forfeiture amount that is greater than or equal to $15,821,000.

The defendant hereby acknowledges that it has accepted this Agreement and decided to plead guilty because it is in fact guilty. By virtue of the Unanimous Resolution of the Partners of Wegelin & Co. (the "Unanimous Resolution"), attached hereto as Exhibit C, Wegelin has authorized one or more of its partners to execute this Agreement, enter the guilty plea, consent to the entry of the Stipulated Order of Forfeiture in this action, and otherwise act on its behalf for all purposes in this case. By entering this plea of guilty, the defendant waives any and all right to withdraw its plea or to attack its conviction, either on direct appeal or collaterally, on the ground that the Government has failed to produce any discovery material, Jencks Act material, exculpatory material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963), other than information establishing the factual innocence of the defendant, and impeachment material pursuant to *Giglio v. United States*, 405 U.S. 150 (1972), that has not already been produced as of the date of the signing of this Agreement.

Richard M. Strassberg, Esq.
John Moustakas, Esq.
December 3, 2012

It is further agreed that should the conviction following the defendant's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

It is further understood that this Agreement does not bind any federal, state, or local prosecuting authority other than this Office and, to the extent set forth above, the Tax Division, Department of Justice.

Wegelin further agrees that it shall not, through its attorneys, partners, agents, or employees, make any statement, in litigation or otherwise, contradicting the Allocution, the Unanimous Resolution, or its representations, agreements and stipulations in this Agreement. Consistent with this provision, Wegelin may raise defenses, including affirmative defenses, and/or assert affirmative claims in any civil proceedings brought by private parties in the United States, and in any criminal, regulatory, civil case, investigation, or other proceeding initiated by any governmental agency or authority or private party outside the United States, so long as doing so does not contradict the Allocution, the Unanimous Resolution, or its representations in this Agreement. Any such contradictory statement by Wegelin, its present or future attorneys, partners, agents, or employees shall constitute a material breach of this Agreement. The decision as to whether any such contradictory statement will be imputed to Wegelin for the purpose of determining whether Wegelin has breached this Agreement shall be at the sole discretion of the Office. Upon the Office's notifying Wegelin of any such contradictory statement by electronic mail or U.S. mail to its U.S. counsel, Wegelin may avoid a finding of breach of this Agreement by repudiating such statement both to the recipient of such statement and to the Office within 72 hours after receipt of notice by the Office. Wegelin consents to the public release by the Office, in its sole discretion, of any such repudiation.

The parties understand that this Agreement reflects the unique facts of this case and is not intended as precedent for other cases.

Richard M. Strassberg, Esq.
John Moustakas, Esq.
December 3, 2012

    This Agreement supersedes any prior understandings, promises, or conditions between this Office and the defendant. No additional understandings, promises, or conditions have been entered into other than those set forth in this Agreement, and none will be entered into unless in writing and signed by all parties.

    Very truly yours,

    PREET BHARARA
    United States Attorney

By: _____
    David B. Massey
    Daniel W. Levy
    Jason H. Cowley
    Assistant United States Attorneys
    (212) 637-2200

APPROVED:

_____
Lorin L. Reisner
Chief, Criminal Division

AGREED AND CONSENTED TO:

_____    1/3/13
Wegelin & Co. by OTTO BRUDERER    DATE

APPROVED:

_____    1/3/13
Richard M. Strassberg, Esq.    DATE
John Moustakas, Esq.
Attorneys for Wegelin & Co.